UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK BARTOLONI                                              CIVIL ACTION

VERSUS                                                      NO. 06-3958

TLT TRANSPORT, ET AL                                        SECTION "C" (5)

ORDER

This matter comes before the Court on the issue of whether the minimum jurisdictional amount in controversy exists in this removed case.  Having determined that the defendants have not shown that the jurisdictional amount was in controversy at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685

(1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The facts presented do not support a finding of the jurisdictional minimum. According to the petition, the plaintiff was injured in an automobile accident on July 19, 2005, while being transported to a hospital. He filed suit on June 15, 2006 in state court, and requested a jury trial. According to the memoranda submitted on the issue, the

plaintiff had " a series of [unrelated] surgical procedures in the Spring of 2005 ... for serious problems with his left leg," and a later procedure "because of a breakdown in his ankle wound with associated infection ... "  (Rec. Doc. 9, p. 2).   The plaintiff claims that the accident  temporarily exacerbated "his pre-surgical symptoms along with significant mental anguish, fear and emotional distress regarding the aggravation of his severe injuries and caused "soft tissue injuries to his neck and back" which "have been treated through chiropractic care and pain management specialists.  (Rec. Doc. 9, pp. 2-3).   The plaintiff argues that pre-accident medical expenses as of May 31, 2005, totaled over $18,000.  (Rec. Doc. 9, p. 3).   The defendants appear to rely on the plaintiff's pre-accident medical condition, and produce no  evidence to support the existence of the jurisdictional minimum.

In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 18th day of September, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE